[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12586
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00353-WKW-WC

JAIME STEWART,

Plaintiff-Appellant,

versus

CITY OF MONTGOMERY, a Municipal corporation,
Q. A. WILKINS, in his individual capacity,
E. S. PINKETT, in his individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 4, 2013)

Before TJOFLAT, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Jaime Stewart brought this action against the City of Montgomery and E.S. Pinkett alleging a violation of his federal constitutional right to be free from excessive force during his arrest, as well as a claim for damages as the result of assault and battery in violation of state law. The City of Montgomery is alleged to have maintained a policy or custom of permitting the use of excessive force by failing to investigate and discipline officers for known incidents of excessive force. Defendants filed motions for summary judgment, which the district court granted. Stewart brought this appeal.

The district court found that Stewart's own version of the evidence conclusively demonstrated that Officer Pinkett could not have been the officer who allegedly kicked Stewart in the face during his arrest. Our review of the record supports this conclusion.

Stewart's deposition testimony was that two officers arrived at the scene of an altercation between himself and his uncle. These officers put him on the ground and handcuffed him. Subsequently, a third officer arrived. It was this third officer, Stewart testified, that kicked him in the face. Stewart identifies this officer as Officer Pinkett. Stewart also testified that this third officer was sent away from the scene by a fourth officer.

2

The evidence, however, does not support these claims. The evidence undeniably shows that Officer Pinkett was one of the original two arresting officers and that he remained on the scene and even drove Stewart to the hospital and later to the jail. Therefore, the district court concluded, the undisputed evidence shows that Officer Pinkett could not have been the officer who Stewart alleges kicked him. We find no fault in this conclusion.

As there is no individual liability under § 1983, there can be no municipal liability. Therefore, we find no error in the dismissal of Stewart's claim against the City of Montgomery. Finally, the district court correctly dismissed the remaining state law claims.

Accordingly, the district court's entry of summary judgment for defendants on Stewart's § 1983 claims and the dismissal without prejudice of his state law claims are due to be

AFFIRMED.